**Clinton SHORT, Petitioner,**

v.

**UNITED STATES PAROLE COMMISSION, Respondent.**

**Civ. A. No. 82–1613.**

United States District Court, District of Columbia.

Sept. 20, 1982.

David Povich, Williams & Connolly, William Alden McDaniel, Washington, D.C., for petitioner.

G. William Currier, Asst. U.S. Atty., Washington, D.C., for respondent.

## ORDER

JOYCE HENS GREEN, District Judge.

This matter comes before the Court upon a petition for a writ of habeas corpus brought by a prisoner who challenges a

detainer filed against him at the request of respondent, the United States Parole Commission. After ample briefing, the issues were argued by counsel on September 14, 1982. While the Court expresses strong reservations as to whether the procedures followed by the Commission in this case comported with statutory requirements of notice, because petitioner has not been prejudiced in his administrative challenges to the detainer, his petition shall be denied.

In 1976 petitioner was convicted in the United States District Court for the District of Columbia of a federal offense and sentenced to a five year term. His full term release date was June 28, 1981, although he was released on parole on September 15, 1978.

On March 17, 1981 he was arrested in Washington, D.C. and charged with a District of Columbia offense. He pleaded guilty to that charge in the Superior Court of the District of Columbia, and, on May 29, 1981, was sentenced to imprisonment for a term of from 18 to 54 months. The sentence later was reduced to a 14 to 54 month term.

Meanwhile, on May 11, 1981, the Commission's case analyst submitted an application for a warrant for petitioner's arrest as a parole violator, based upon the District of Columbia arrest and charge. On the same date, the Parole Commissioner signed the requested warrant. The United States Marshal for the District of Columbia received the warrant on May 15, 1981, and, on July 16, 1981, filed a detainer against petitioner at the District of Columbia Department of Corrections Central Facility at Lorton, Virginia, where petitioner was incarcerated.

A copy of the detainer was served upon petitioner on August 4, 1981. This document directed the prison officials to notify the United States Marshal in the event that the petitioner was to be released, so that the Marshal could assume custody of him. It also informed the petitioner (1) that the reason for the detainer was "a warrant issued by the U.S. Parole Commission," (2) that he would be able to present informa-

tion to that body to consider in its disposition of the warrant, and (3) that the Commission then would review the case and, "if deemed appropriate," personally interview petitioner before taking action upon the warrant.

On August 21, 1981, petitioner's counsel wrote the Commission requesting an opportunity to discuss the matter before any action would be taken upon the warrant. The Commission, through its case analyst, informed petitioner's counsel on September 2, 1981 that it would undertake a "dispositional review" of the warrant in November 1981, and that counsel would be allowed to address the question of the warrant at that time.

The Commission formally notified petitioner of its pending dispositional review on October 22, 1981, and instructed him to present any relevant information within 25 days. Accordingly, on November 14, 1981, petitioner's counsel submitted a letter urging the Commission to withdraw the warrant and arguing in detail the merits of petitioner's request.

The review was completed and the Commission decided to keep the detainer in effect and to schedule a dispositional revocation hearing for after March 17, 1983 (which would mark petitioner's completion of 24 months in confinement), as provided by 28 C.F.R. § 2.47(b)(a). The Commission informed petitioner of its decision on January 15, 1982. On February 8, 1982, petitioner's counsel asked the Commission to reconsider its decision on the ground that because it allegedly had not complied with regulations governing service of warrants, it lacked jurisdiction to conduct its dispositional review. The Commission refused that request on February 24, 1982. The question of the Commission's conformance with these regulations and relevant statutes is now before the Court.

■ Petitioner argues that the detainer was defective since it did not provide a statement of the charges made against him, his rights, and the possible actions that the

120

Commission could take.[1] When a warrant involving an alleged parole violation is issued, 18 U.S.C. § 4213(c) requires that the parolee be given this information in writing. Yet at no time while the detainer was in force[2] was he provided a copy of the warrant. Indeed, his first notice that a warrant had been issued was when he was served with the copy of the detainer on August 4, 1981. The Commission argues that since it chose not to have the warrant executed but let it stand as a detainer (because petitioner was already incarcerated on the District of Columbia conviction), these requirements of notice do not apply. Since section 4213(a)(2) refers to where the commission decides to "issue a warrant *and retake the parolee*" (emphasis added), and since section 4213(c) states that the notice of allegations, rights, and possible actions shall be provided in "[a]ny summons or warrant issued pursuant to this section," the Commission argues, that notice need not be given where, as here, the warrant was not executed for retaking the parolee. Instead, according to the Commission, the only notice that must be given in the circumstances here, is that which 18 U.S.C. § 4214(b)(1) requires when a detainer is filed. That section provides that the parolee shall "receive notice of the pending review, have an opportunity to submit [written arguments], and, unless waived, [have the right to counsel]." As that information was given to petitioner on October 22, 1981, the Commission argues, petitioner was afforded all notice to which he was entitled.

The plain language of the relevant statutes disproves the Commission's argument. Section 4214(b)(1) provides that where a parolee has been convicted of a crime and is serving a new sentence in an institution, as is petitioner's case, "a parole revocation warrant or summons issued pursuant to section 4213 may be placed against him as a detainer." Since there is no other type of warrant which issues against a parolee when he is alleged to have violated his parole, the warrant that the Commission issued against petitioner and subsequently let stand as a detainer was a warrant "issued pursuant to section 4213." As noted above, section 4213(c) mandates that *"[a]ny* summons or warrant issued pursuant to this section shall provide the parolee with written notice of" the allegations against him, his rights, and possible Commission actions (emphasis added). Therefore, this notice must follow from the warrant's issuance regardless of whether the warrant is executed.

Due process requires that this notice must be given to a parolee such as petitioner at the very latest upon the lodging of a detainer against him pursuant to section 4214. When a detainer is placed against a prisoner, it may, depending upon the regulations of the confining authority, affect his liberty long before the end of his imprisonment. According to petitioner, the existence of the detainer affected his eligibility for work release and other programs, among other things. In such a case, a detainer serves as a present restraint. Therefore, a prisoner who has a meritorious opposition to a detainer placed against him may be prejudiced by the lack of notice of allegations and other information to the extent that this delays his challenge to the detainer and to any consequent ineligibility for certain programs.

Yet unless petitioner can establish that actual prejudice has resulted from any of the infirmities he alleges, he cannot be entitled to habeas corpus relief. *Davis v. United States,* 411 U.S. 233, 245, 93 S.Ct. 1577, 1584, 36 L.Ed.2d 216 (1973). Such relief is available only to protect against "a fundamental defect which inherently results in a complete miscarriage of justice,

[1]. At oral argument, upon presentation of appropriate documentation by counsel for the Commission, petitioner's counsel essentially abandoned his argument that the warrant was defective because it was not issued prior to the expiration of petitioner's maximum federal term of imprisonment.

[2]. The detainer was lifted and the warrant executed on August 31, 1982, when petitioner was paroled from his District of Columbia sentence. He now remains confined upon the unserved portion of his federal term.

[or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962).

■ Petitioner here has not shown actual harm by the Commission's failure to provide the notice required by 18 U.S.C. § 4213. Experienced and competent counsel, who had represented this petitioner in other matters and were acutely knowledgeable of his circumstances, had been involved actively in this matter on petitioner's behalf since no later than August 21, 1981, less than three weeks after the detainer was served on petitioner. Since their involvement, counsel have been well aware of the allegations against the petitioner, his rights, and the Commission's options. Nowhere in the correspondence filed by petitioner as exhibits did petitioner's counsel find it necessary to ask the Commission for this information because counsel and petitioner knew that the detainer could only be the consequence of petitioner's District of Columbia arrest and conviction. At oral argument, petitioner's counsel conceded that at the start he deduced the allegations correctly. The statement submitted by petitioner's counsel on November 14, 1981 to the Commission for consideration in its dispositional review evidences no confusion as to the allegations but instead amply discusses the circumstances of petitioner's District of Columbia arrest and conviction. As such, there is no suggestion—indeed, there can be none—that petitioner did not receive full benefit of his procedural rights during the dispositional review process under 28 C.F.R. § 2.47. Notably, petitioner does not challenge whether this review by the Commission was conducted properly.

Petitioner was fortunate in that there was only one event—his District of Columbia offense—that could have caused the detainer to be issued, and that he enjoyed the services of competent counsel acting diligently on his behalf with ample knowledge of the allegations against him. Ironically, these same advantages keep this petitioner from receiving the relief he seeks here.

Nonetheless, the Commission should be mindful that another case may well demand a different result.

Accordingly, it is, by the Court, this 20th day of September, 1982,

ORDERED, that petitioner's petition for a writ of habeas corpus shall be and hereby is denied.